MICHAEL B. HORROW (SBN 162917)
SCOTT E. CALVERT (SBN 210787)
DONAHUE & HORROW, LLP
1960 E. Grand Avenue, Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com
Email: scalvert@donahuehorrow.com

Attorneys for Plaintiff
NORMA GONZALEZ-SCHULTZ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA GONZALEZ-SCHULTZ,<br><br>Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, THE CHILD & FAMILY CENTER GROUP LONG TERM DISABILITY PLAN and DOES 1 THROUGH 13, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN** |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C.§ 1132(a), (e), (f) and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* (hereafter, "ERISA") as it involves a claim by Plaintiff for long-term disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under 28 U.S.C. §1331 and 29 U.S.C. §1001, *et seq.* as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. § 1391(b)(2), 29 U.S.C. §1132(e)(2), and the ends of justice so require.

3. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff NORMA GONZALEZ-SCHULTZ ("MS. GONZALEZ-SCHULTZ" and "PLAINTIFF"), is, and was at all relevant times, a resident of the County of Los Angeles, a citizen of the State of California, and a participant in the Plan.

5. MS. GONZALEZ-SCHULTZ alleges upon information and belief that Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Maine and authorized to transact and transacting the business of insurance in this state.

6. Plaintiff MS. GONZALEZ-SCHULTZ is informed and believes and thereon alleges that Defendant THE CHILD & FAMILY CENTER GROUP LONG TERM DISABILITY PLAN (the "Plan") is an employee welfare benefit plan established and maintained by The Child & Family Center, to provide its employees with income protection in the event of a disability and, is the Plan Administrator.

7. The true names or capacities, whether individual, corporate, associate,

DONAHUE & HORROW LLP

or otherwise, of Defendants, DOES 1 through 10, are unknown to MS. GONZALEZ-SCHULTZ who therefore sues said Defendants by such fictitious names. MS. GONZALEZ-SCHULTZ is informed and believes and on such information and belief alleges that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to MS. GONZALEZ-SCHULTZ.

8. MS. GONZALEZ-SCHULTZ is informed and believes and thereon alleges that UNUM issued Group Insurance Policy Number 597717 to Child & Family Center and the eligible participants and beneficiaries of the Child & Family Center Long Term Disability Plan (the "Plan"), an employee welfare benefit plan established and maintained by Child & Family Center, to provide its employees with income protection in the event of a disability.

9. UNUM's Long Term Disability Plan for Child & Family Center provides a gross benefit of 60% of MS. GONZALEZ-SCHULTZ's monthly pre-disability earnings, less deductible income, following a 180-day Elimination Period. Under the terms of the Policy, should she remain disabled, MS. GONZALEZ-SCHULTZ would be entitled to benefits until August 23, 2030.

10. The Plan defines Disabled as follows: "You are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury and after 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience."

11. Prior to her disability, MS. GONZALEZ-SCHULTZ was employed as a Mental Health Therapist at Child & Family Center.

12. Unfortunately, on or about May 03, 2016, MS. GONZALEZ-SCHULTZ's became disabled as defined by the Plan due to myelopathy of the thoracic region, foraminal stenosis in the lumbar and thoracic region, radiculopathy, and spondylolisthesis, resulting in chronic back pain. MS. GONZALEZ-SCHULTZ could no longer perform the material and substantial duties of her regular occupation or any gainful occupation for which she is reasonably fitted by education, training or experience.

13. On or about May 17, 2016, MS. GONZALEZ-SCHULTZ underwent MRI of the cervical spine. MRI images revealed multilevel moderate degenerative changes at C4-5, C5-6 and C6-7, 2 mm of retrolisthesis of C5 and C6 and trace anterolisthesis of C5 - C7. The MRI revealed diffuse desiccation of the intervertebral discs with mild to moderate loss of disk space height from C4-5 to C6-7.

14. On or about February 13, 2017, UNUM denied MS. GONZALEZ-SCHULTZ's claim for Long Term Disability benefits.

15. On or about August 9, 2017, MS. GONZALEZ-SCHULTZ, through counsel, appealed the denial of her Long-Term Disability benefits. In support of her claim, MS. GONZALEZ-SCHULTZ provided medical records and a letter from her treating physician Todd Moldawer, MD (Board Certified - Orthopaedic Surgery), supporting her diagnoses and related restrictions and limitations.

16. On or about August 8, 2017, Dr. Moldawer wrote a statement in support of MS. GONZALEZ-SCHULTZ's claim for Long Term Disability benefits, identifying "[c]hronic thoracolumbar strain, Herniated disc at T9-10 on the left (moderate) with spinal cord compression, Grade I isthmic spondylolisthesis at L5-Sl with angular instability, and herniated discs at C4-5 and C5-6 with mild cord compression" as MS. GONZALEZ-SCHULTZ's disabling diagnoses. Dr. Moldawer confirmed "it is my opinion, once again, based upon reasonable medical probability, that the patient is indeed unable to perform the material and substantial duties of her regular occupation due to her sickness or injury (spinal condition)."

17. On or about August 11, 2017, vocational expert Charles Galarraga, MS, CRC, LCPC, prepared a vocational report with Labor Market Survey. After reviewing all file referral information, interviewing MS. GONZALEZ-SCHULTZ regarding her training, education, and work history, performing a Transferrable Skills Analysis, and completing a telephonic Labor Market Study within a 50-mile radius of her address, Mr. Galarraga concluded that MS. GONZALEZ-SCHULTZ cannot perform the substantial and material duties of her own occupation or any occupation from a vocational standpoint. Mr. Galarraga confirmed, **"[f]rom a vocational perspective, it is in this VRC's opinion that [MS. GONZALEZ-SCHULTZ] cannot perform her own occupation or any occupation. All of her attending physicians concur from a medical standpoint that she cannot perform any occupation at this time."**

18. On or about September 27, 2017, MS. GONZALEZ-SCHULTZ underwent a T8-9 hemilaminectomy and T9-10 transpedicular microdiscectomy, which failed to relieve her from pain.

19. On or about November 17, 2017, UNUM reversed its decision to deny MS. GONZALEZ-SCHULTZ's claim for Long Term Disability benefits. UNUM confirmed in its denial letter, "[o]n appeal, a board certified orthopedic surgeon completed a thorough review of [MS. GONZALEZ-SCHULTZ's] claim[.]We conclude the available medical evidence supports [MS. GONZALEZ-SCHULTZ] is totally disabled from performing her usual occupation as of May 03, 2016 to current."

20. On or about June 20, 2018, MS. GONZALEZ-SCHULTZ underwent transforaminal lumbar interbody fusion L5-S1. The procedure did not relieve her disabling chronic back pain.

21. On or about August 16, 2018, MS. GONZALEZ-SCHULTZ underwent a nerve conduction study. Evaluation of the Left Peroneal Motor nerve showed reduced amplitude (0.3 m V) and decreased conduction velocity (B Fib-Ankle, 21.4

mis). The Right Peroneal Motor nerve showed reduced amplitude (0.8 m V) and decreased conduction velocity (B Fib-Ankle, 39.5 mis).

22. On or about December 6, 2018, MS. GONZALEZ-SCHULTZ underwent an MRI cervical spine, which demonstrated slight interval progression of severe right and moderate left foraminal stenosis at C5-C6.

23. On or about October 27, 2020, UNUM denied MS. GONZALEZ-SCHULTZ's claim for Long-Term Disability benefits. In the denial letter, UNUM stated MS. GONZALEZ-SCHULTZ would have the necessary skills to perform the duties of Claims Examiner and Employment Recruiter on a full-time basis. UNUM also confirmed in the letter, "Dr. Cardenas (Neurologist) opined that Ms. Gonzalez-Schultz would not be able to perform the above noted demands due to significant weakness and spasticity from thoracic myelopathy"

24. On or about April 24, 2021, MS. GONZALEZ-SCHULTZ, through counsel, appealed the denial of her Long-Term Disability claim. MS. GONZALEZ-SCHULTZ submitted a Functional Capacity Evaluation report, updated physician statement, updated vocational report with labor market survey, and updated medical records to UNUM.

25. With the Appeal letter, MS. GONZALEZ-SCHULTZ provided updated medical records in support of the claim. In the records, MS. GONZALEZ-SCHULTZ's treating physicians document MS. GONZALEZ-SCHULTZ's diagnoses and related restrictions and limitations. For example, in a November 16, 2020 progress note, Dr. Cardenas wrote, "[MS. GONZALEZ-SCHULTZ] still continues to have significant pain and discomfort down the left leg. It is quite stiff she does try to walk each day. Unfortunately she has to move after any significant amount of time from a sitting position from a standing position because of the pain that ensues. She is taking the gabapentin but cannot take more than 3 a day." Dr. Cardenas further noted, "still evidence of a mildly active left L5 radiculopathy. I do believe that it is this with her significant spasticity that is contributing to her ongoing pain. Will continue

neuropathic meds and PT. **Secondary to her myelopathy she is unable to work as combination of medications and surgeries has not led to significant recovery."** In an April 27, 2021 progress note, Dr. Tony Lo (Pain Management) wrote, "[MS. GONZALEZ-SCHULTZ] has pain over left buttocks and hip with radiation to left toes. She also has some radicular pain to left groin. She has left leg stiffness. Has pain in feet. Pain is constant. Patient rates the pain 7/10. It is described as constant pain. It is worse with prolonged sitting. It is better with sometimes sitting. Admits to weakness in left lower extremity. Last fall was a month ago. She uses a cane and has a walker available." Dr. Lo further confirmed, "[p]ain over left low back is likely due to sacroiliitis secondary to compensation from abnormal gait in setting of left foot drop." In a May 10, 2021 progress note, Neurodevelopmental Disabilities specialist Brent L. Fogel, MD, confirmed, "[t]his is a 55 year old woman with anxiety and depression as well as thoracic degenerative disc disease with spinal compression and lumber anterolisthesis treated surgically here for evaluation for spastic paraplegia. Neurological examination notable for gegenhalten tone in all extremities, asymmetry of muscle left versus right distal lower extremity, and mildly abnormal gait." Dr. Fogel noted, "[a]lthough the majority of her current symptoms are likely attributable to her spinal issues, one possibility is that an underlying gait disorder or other biomechanical predisposition underlies this spinal condition."

26. On or about November 23, 2020, MS. GONZALEZ-SCHULTZ underwent a Functional Capacity Evaluation with Ramone De Los Reyes, PT, DPT. Dr. De Los Reyes confirmed, "[b]ased on the test results, the client gave maximum effort with testing. Intra-test reliability is evident for this test. The client's physical behaviors correlated with her subjective complaints of pain. The client exhibited an increase in overall heart rate during functional activities correlating with maximum effort during tasks." After evaluating MS. GONZALEZ-SCHULTZ for several hours, Dr. De Los Reyes concluded, **"client does not meet the sitting requirements for a sedentary occupation which requires an ability to sit 2 hours continually and up**

**to 6 hours total per day**. **These factors, when coupled with her limitations for fingering and typing, and pain from repetitive reaching, would make it unrealistic that she would be able to function reliably in a work environment. The client is unable to work at any occupational level at this time**."

27. On or about January 21, 2021, vocational expert Linda Hayes, M.Ed, CRC, ARP, prepared a detailed vocational report with Labor Market Survey in response to UNUM's opinion that MS. GONZALEZ-SCHULTZ is capable of performing the duties of Claims Examiner and Employment Recruiter on a full-time basis. Following a review of medical records, treating physician statements and the Functional Capacity Evaluation, Ms. Hayes concluded MS. GONZALEZ-SCHULTZ is unable to perform the duties of any gainful occupation for which she is reasonably fitted by education, training or experience, confirming, "[b]ased on a review of the medical documentation, the job demands analyses for the alternate suggested occupation and the limitations placed on her by her treating physician and established by the FCE, Ms. Gonzalez-Schultz is not able to perform the essential tasks of any occupation and her prognosis for return to work is highly unlikely. **This consultant concludes that Ms. Gonzalez-Schultz is unable to compete for or engage in substantial gainful activity and is totally disabled from the labor market at this time**."

28. On or about January 29, 2021, Dr. Cardenas wrote a statement in response to UNUM's conclusion that MS. GONZALEZ-SCHULTZ can perform sedentary work on a full-time basis, stating, "I do not believe this is an accurate assessment of this patient with spasticity and chronic pain."

29. On or about April 7, 2021, Dr. Cardenas prepared an updated statement confirming MS. GONZALEZ-SCHULTZ is permanently disabled and unable to perform the duties of any gainful occupation for which she is reasonably fitted by education, training or experience. Excerpts from Dr. Cardenas's statement are as follows:

- I am the primary treating Neurologist in charge of Norma Gonzalez-Schultz's care.
- In response to UNUM's opinion that Norma can perform full time sedentary work concurrently with her disabling conditions and pain medications, as I stated in my January 29, 2021 letter, I completely disagree with UNUM's opinion of this patient.
- Her condition has not improved and she remains permanently disabled.
- UNUM commented on my November 16, 2020 note stating that the record reflects stability of Norma's non-opioid pain medication regimen. However, the side effects of the medications she is prescribed are impairing and severely impact her ability to function.
- The record sent to UNUM reflects that her prescription was adjusted to Gabapentin as she found Lyrica too sedating.
- In addition to Gabapentin, Norma takes several medications daily to manage her symptoms, including but not limited to, Tizanidine, Cymbalta and Duloxetine, of which fatigue, drowsiness and dizziness are common activity limiting side effects that further impact her ability to function.
- UNUM commented that there was no mention of an assistive walking device during the visit, however, Norma's use of a cane or walker is occasional and her gait abnormalities were consistently noted in the record.
- Norma has chronic lower back pain radiating to her lower left extremities resulting in lower weakness that has persisted for more than a year and makes her a fall risk.
- The T8-9 hemilaminectomy and T9-10 transpedicular

COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN

DONAHUE & HORROW LLP

microdiskectomy by Dr. Moldower combined with the pain medications she is prescribed have not provided relief significant enough for Norma to meet the occupational requirements of a full time sedentary position.

- Pain management recently recommended spinal cord stimulation as Norma continues to experience pain, discomfort and weakness aggravated by prolonged sitting, standing and/or walking despite medications and surgical intervention.
- Norma's inability to return to the workforce is consistent with the results of the Functional Capacity Evaluation with Ramone De Los Reyes DPT on November 23, 2020.
- Her limited range of motion at the thoracic spine, lumbar spine, left hip and left knee as well as stiffness in her neck were all noted in the corresponding report.
- Functional Capacity testing confirmed Norma can sit up to 30 minutes continually for a total of 1.5 hours per day due to her chronic back and left leg pain.
- The therapist also confirmed Norma's moderate to severe fatigue during the evaluation and noted that she needed a nap after an hour of testing.
- The results are consistent with how Norma presents to me during exams as well as her medical history.
- Based on my education, background, experience and treatment of Norma, she has been and remains totally disabled from May 2016 to the present from performing the material duties of any occupation due to the severity of her diagnoses and related symptoms, including but not limited to, myelopathy of thoracic region, spasticity, lumbar canal stenosis, spinal stenosis of thoracic region, anxiety, generalized, deep

> tendon reflex increase, lumbar radicular pain, mild episode of recurrent major depressive disorder, disease of spinal cord, other intervertebral disc displacement, thoracic region, radicular pain of thoracic region, muscle weakness of extremity, chronic bilateral thoracic back pain and left foot pain.

30. MS. GONZALEZ-SCHULTZ noted in the Appeal that UNUM improperly disregarded the Social Security Administration's fully favorable November 3, 2018 decision confirming MS. GONZALEZ-SCHULTZ has been disabled since May 1, 2016.

31. On or about August 5, 2021, UNUM denied MS. GONZALEZ-SCHULTZ's appeal and affirmed the prior denial of the claim.

32. MS. GONZALEZ-SCHULTZ's administrative remedies have been exhausted and she has the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

33. As a direct and proximate result of the UNUM's denial of benefits, MS. GONZALEZ-SCHULTZ has been deprived of said benefits from October 27, 2020 to the present date.

34. As a further direct and proximate result of the denial of benefits, MS. GONZALEZ-SCHULTZ has been required to incur attorneys' fees to pursue this action, and is entitled to have such fees paid by defendants pursuant to 29 U.S.C. § 1132(g) (1), ERISA § 502(g) (1).

35. A controversy now exists between the parties as to whether MS. GONZALEZ-SCHULTZ is entitled to benefits under the Plan. MS. GONZALEZ-SCHULTZ seeks the declaration of this Court that she is entitled to benefits from the Plan.

COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

  1. An award of benefits as provided by the Plan, together with interest at the legal rate from the date it became due until the date it is paid;

  2. For costs and reasonable attorneys' fees incurred in this action; and,

  3. For such other and further relief as the Court deems just and proper.

Dated:  August 24, 2021    DONAHUE & HORROW LLP

               MICHAEL B. HORROW
               SCOTT E. CALVERT
               Attorneys for Plaintiff